## COMMONWEALTH *vs.* JOHN MORAN.

At the trial of an indictment for the murder of a constable, it appeared that the deceased was killed while attempting to arrest the defendant upon a warrant which bore an indorsement signed by a deputy sheriff to the effect that he had arrested the defendant and had him before the magistrate who issued the warrant. *Held,* that parol evidence was admissible to prove that the warrant was neve: served by the deputy sheriff, that the defendant was never arrested or brought judicially before the magistrate, and that the warrant, though given up by the deputy sheriff to the magistrate, was by the latter returned to him for service and by him given to the deceased; and that these facts, if proved, showed that the warrant was sufficient in the hands of the deceased to authorize the arrest of the defendant.

INDICTMENT for the murder of Charles M. Packard. At the trial, in Norfolk, before *Chapman,* C. J., and *Colt, Ames* and *Morton,* JJ., it appeared that Packard was a constable of Stoughton, and was killed by the defendant in that town on September 15, 1870, while he was attempting to arrest the defendant upon a warrant issued on August 9, 1870, by J. White Belcher, Esq., a trial justice for the county of Norfolk, addressed to the sheriff of the county or his deputy, or any constable or police officer of any town in the county, directing them respectively to take the defendant and bring him before the justice to answer to a complaint of Michael McLaney against him for an assault, and bearing this indorsement, signed by William H. Warren, a deputy of the sheriff of the county : " Norfolk, ss. September 12, 1870. By virtue hereof, I have arrested the body of the within named John Moran, and have him before J. White Belcher, Esquire, for examination ; and I have summoned as witnesses, on behalf of the Commonwealth, . . . . . Fees : Service, $0.50. Travel 8 miles, $0.80. Custody and expenses, $4.00. Attending court, $1.00."

The Commonwealth offered testimony to show that the warrant was duly issued and committed to Warren for service ; that the defendant, not having been arrested, went with the complainant McLaney to the magistrate, and desired to settle the matter ; that the magistrate told them he had not the complaint and warrant in his possession, but would get them, and that if the complainant would acknowledge that he had received satisfaction for the civil injury, and the defendant would plead guilty to the

complaint and pay the costs, he would consent to suspend the case; that the magistrate thereafter saw the officer and told him to make up his costs, and the officer then made the above indorsement; that Moran never came before the magistrate, nor pleaded guilty, nor paid the costs, and the magistrate returned the warrant to Warren for service, and directed him to arrest the defendant; that Warren delivered the warrant to Packard for service; and that the defendant was not arrested, nor in the custody or presence of Warren, before the homicide.

The defendant objected to the admission in evidence of the warrant and of this testimony; but the court admitted them, and ruled that, upon the evidence, " it appearing that the warrant had never been served, and the magistrate never having had Moran before him upon it judicially, and the warrant having been returned by the magistrate to Warren for service, it was valid in the hands of Packard sufficiently to authorize him to arrest the defendant upon it, and take him before the magistrate."

The jury found the defendant guilty of murder in the second degree, and he alleged exceptions.

*P. R. Guiney,* (*E. C. Bumpus* with him,) for the defendant. 1. The return of an officer on a criminal warrant cannot be contradicted, any more than his return on a civil process. If the parol evidence to contradict this return was erroneously admitted, the fact that it showed that there was no arrest of the defendant is immaterial. In a capital case, any error is to be presumed prejudicial to the defendant; and there was obvious injury here, for the ruling admitting the evidence was decisive of the character of the offence as murder and not manslaughter. It is an underestimate of the character of a return, to call it a merely ministerial act. It is an executive act, done under sanction of an oath and in obedience to a judicial order.

2. The authority of the officer must appear on the face of his precept; and a want of authority was plainly apparent here, for the warrant appeared on its face to have been already served and returned. The object of the Gen. Sts. *c.* 158, § 1, in compelling the officer to exhibit his precept, is to satisfy the person whom he seeks to arrest of his authority; but if he may appeal from the

precept to facts or supposed facts behind it, the exhibition of it is a mere mockery.

3. There was no right to reissue the warrant when once returned; and if there was, the new direction for its service was unlawful for being oral; and even if lawful, it was personal to Warren and could not be delegated by him to Packard.

4. There was an adjustment of the suit, and thereby an end put to the warrant.

5. If there was any occasion to bring the defendant again before the magistrate, the way was by the issue of a new warrant.

*C. Allen,* Attorney General, (*A. French,* District Attorney, with him,) for the Commonwealth.

GRAY, J.* This is an indictment for the murder of Charles M. Packard, a constable of Stoughton, at Stoughton in the county of Norfolk, on the 15th of September 1870, while attempting to arrest the defendant upon a warrant issued on the 9th of August 1870, by a trial justice for the county of Norfolk, addressed to the sheriff of the county, or his deputy, or any constable or police officer of any town in that county, and directing them respectively to take the defendant and bring him before said trial justice to answer to a complaint for an assault.

This warrant was upon its face sufficient authority to Packard to arrest the defendant, unless the memorandum indorsed thereon, signed by a deputy of the sheriff of the county, dated September 12, 1870, and stating that by virtue thereof he had arrested the defendant and had him before said trial justice for examination, must be treated as conclusive evidence that no further service of the warrant could lawfully be made.

Assuming that the rule, that an officer's return upon a warrant cannot be contradicted by parol evidence, is applicable to such a return, when the warrant is produced in evidence upon the trial of an indictment for the homicide of an officer while attempting to make a subsequent arrest upon the warrant — we are all of opinion that the indorsement in question is not such a return.

---

* This case was argued in June, before all the judges except MORTON, J

It was not shown by any record of the magistrate, nor by any minute made by him, upon the warrant or otherwise, that the warrant had been returned to him. It was not produced by him nor from his files. But it was at the time of the homicide in the hands of the officer with the murder of whom the defendant is charged.

Until the warrant had been returned to the magistrate, any memorandum made thereon by an officer had not the character of a record, but might be amended or erased by the officer who made it, at his pleasure, and would not preclude him from making a further service and ·return of the warrant; and any other officer to whom the warrant was directed and committed had equal authority to serve and return it, and was no more concluded than the first officer by a memorandum which had never acquired the effect of a return.

Parol evidence being required to give the indorsement the character of a return, it was competent for the Commonwealth to prove by like evidence the proceedings before the magistrate relating to the making of the memorandum on the back of the warrant, as explaining the circumstances under which that memorandum was made; and also the fact that the defendant was never brought before the magistrate upon the warrant.

The evidence offered by the Commonwealth was therefore rightly admitted; and it was rightly ruled that, if it appeared that the warrant had never been served, and the magistrate had never had the defendant before him judicially, and the warrant had been given back by the magistrate to the officer for service, it was so far valid in the hands of Packard as to authorize him to arrest the defendant upon it and take him before the magistrate.

The defendant has therefore no just ground of exception to the rulings at the trial, and must be

*Sentenced, according to the verdict.*